IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00152-KDB-SCR

| | |
|---|---|
| CLAIRE SEME, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AUTUMN CARE OF STATESVILLE, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Complaint" (the "Motion") (Doc. No. 7), as well as the parties' briefs and exhibits. (Doc. Nos. 8, 10, 12 & 13).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

For the reasons set forth below, the undersigned respectfully recommends that Defendant's Motion be granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2023, pro se Plaintiff filed a form-book Complaint against Defendant, her former employer, alleging claims for race, color, national origin, and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq. (Doc. No. 1 at 3-4). Plaintiff's Complaint contains little to no factual allegations in support of each of her claims. However, accepting as true the factual allegations that are included in her

Complaint for the purposes of evaluating this Motion, Defendant discriminated against Plaintiff when Defendant terminated her. Id. at 4. Plaintiff alleges that the Equal Employment Opportunity Commission ("EEOC") issued her a Notice of Right to Sue letter on June 27, 2023. Id. at 5. Although Plaintiff did not attach a copy of the Charge of Discrimination that she filed with the EEOC (the "EEOC Charge"), she attached the Notice of Right to Sue letter which specifically references the EEOC Charge by number - 430-2022-03002. (Doc. No. 1-1 at 1). Plaintiff failed to state what damages or other relief she is seeking and left that section of the Complaint blank.

Plaintiff attached other exhibits to her Complaint. (Doc. Nos. 1-2 & 1-3). One exhibit is a letter dated November 7, 2022, addressed to "To Whom It May Concern" from Isaac Olatunji, Jr. of Project Latter Rain Religious Liberty Advocacy Services entitled "RE: Requesting Immunization Exemption for [*sic*] based on Religious Beliefs" and a form labeled "Request for Religious Accommodation from COVID-19 Vaccination" dated November 30, 2021, which appears to be a form Plaintiff completed. (Doc. No. 1-2). It is not clear from the Complaint whether Plaintiff shared this information with her employer.

The final exhibit to the Complaint is a form entitled "Request for COVID-19 Vaccination Medical Accommodation" signed by Michael Kepley, MD, OBGYN, on February 21, 2022. (Doc. No. 1-3). Dr. Kepley recommends that Plaintiff be exempted from COVID-19 Vaccination requirements noting that Plaintiff has natural immunity from previously having COVID and Plaintiff had reported "having allergic[-]type reactions when getting vaccinated in the past." Id. at 3.

On November 20, 2023, Defendant moved to dismiss and attached a copy of Plaintiff's EEOC Charge to its brief in support. (Doc. Nos. 8 & 8-1).[1] In her EEOC Charge, Plaintiff alleged discrimination based on religion, disability, genetic information, and retaliation.[2] (Doc. No. 8-1 at 1). She stated in her EEOC Charge that Defendant implemented a policy requiring employees to be vaccinated against COVID-19 unless they received an accommodation due to disability, medical condition, or sincerely held religious belief. Plaintiff requested an accommodation seeking an exemption from the COVID-19 vaccine based on her "sincerely held religious (Seventh Day Adventist) beliefs" and her health and medical condition, but states Defendant denied her request. Id. at 1-2.

Defendant now argues that Plaintiff's Complaint should be dismissed because she failed to allege sufficient facts in support of her religious discrimination claim and that she failed to exhaust her administrative remedies as to her remaining claims for race, color, and national origin discrimination.

In her response to the Motion to Dismiss, Plaintiff offers additional facts in support of her claims. (Doc. No. 10 at 1-4). The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Carriker v. Carriker, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, courts are not required to act as an advocate for a pro se plaintiff. Id. (citing Gordon v. Leeke, 574 F.2d

---

[1] In its review of a Rule 12(b)(6) motion to dismiss, this Court "may consider documents attached to the complaint… as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic" without converting the motion into a motion for summary judgment. Sec'y of State for Defense v. Trimble Nav. Ltd., 484 F.3d 700, 705 (4th Cir. 2007). The EEOC Charge is integral to the complaint and authentic as it includes the same EEOC Charge Number listed in Plaintiff's exhibits. As such, this Court may consider the EEOC Charge in evaluating the Motion. Id.

[2] While Plaintiff alleged discrimination based on religion, disability, genetic information, and retaliation in her EEOC Charge, Plaintiff's Complaint filed with this Court does not include claims based on disability, genetic information, and retaliation. In fact, several boxes on Plaintiff's Complaint related to disability and retaliation are left unchecked and blank (Doc. No. 1 at 3-4). As a result, those claims are not before this Court.

1147, 1152 (4th Cir. 1978)).  Moreover, the Court may not consider allegations made outside of Plaintiff's Complaint or an amended complaint.  McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." (citing Beck v. City of Durham, 129 F. Supp. 844, 855 (M.D.N.C. 2000)).  Plaintiff has not requested to file an amended complaint.

Defendant's Motion has been fully briefed and is ripe for disposition.

## II.   STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiffs' "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  Id. at 678-79.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Id. at 679; see also Anand v. Ocwen Loan Serv., LLC, 754 F.3d 195, 198 (4th Cir. 2014) (recognizing

the court does not accept as true legal conclusions couched as a factual allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Although the pleading requirements stated in Rule 8 of the Federal Rules of Civil Procedure mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court assumes their truth and then determines whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Indeed, where "it is clear that no relief could be granted under any set of facts that could be prove[n] consistent with the allegations . . . a claim must be dismissed." Id. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

**A.     Claims Barred for Failure to Exhaust Administrative Remedies**

The Court will treat Defendant's arguments regarding Plaintiff's purported failure to exhaust administrative remedies as raised under Rule 12(b)(6). See Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1850 (2019); Cunningham v. Wells Fargo N.A., No. 3:19-CV-00528-FDW, 2020

WL 5300843, at *5-6 (W.D.N.C. Sept. 4, 2020) (explaining that "the Supreme Court has 'held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule'" and as such "are analyzed under Rule 12(b)(6) rather than 12(b)(1)." (quoting EEOC v. 1618 Concepts, Inc., No. 19-CV-672, 2020 WL 87994, at *2 (M.D.N.C. Jan. 7, 2020)); Hodge v. Walrus Oyster Ale House, No. CV TDC-18-3845, 2019 WL 6069114, at *3 (D. Md. Nov. 15, 2019).

Claims under Title VII have certain administrative remedies that must be exhausted before any claimant can bring suit. Harris v. Am. Airlines, Inc., No. 3:17-CV-00280-GCM, 2017 WL 2880400, at *1 (W.D.N.C. July 6, 2017). In Harris, the Court recognized:

> [u]nder Title VII, a claimant has 180 days from the date of the alleged misconduct to report the issue to the Equal Employment Opportunity Commission ("EEOC") and then, the EEOC may give the claimant a letter to sue. 42 U.S.C. § 2000e-5(f). At that point, a suit can be brought. Id. If the issue is not reported to the EEOC within that timeframe, claimant loses all right to sue under that statute.

2017 WL 2880400, at *1

As a result, courts regularly dismiss Title VII claims under 12(b)(6) when a plaintiff fails to exhaust administrative remedies before filing suit. Id.; see also McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."); Odom v. Brookfield Renewable, No. 1:20-CV-00101-MR-WCM, 2021 WL 1015857, at *4 (W.D.N.C. Feb. 11, 2021), Memorandum and Recommendation Adopted, No. 1:20-CV-00101-MR-WCM, 2021 WL 982329 (W.D.N.C. Mar. 16, 2021) (dismissing Plaintiff's claims with prejudice).

When a plaintiff brings a charge with the EEOC, that charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). This requirement provides the employer notice of its employee's claims and an opportunity to resolve those claims out of court, if possible. Miles v. Dell, Inc., 429 F.3d 480, 492

(4th Cir. 2005); Clark v. Guilford Cnty., N.C., 2017 U.S. Dist. LEXIS 162024, *9-10 (M.D.N.C. September 30, 2017) (finding a failure to exhaust administrative remedies regarding a national origin-based claim where plaintiff checked the boxes for race/retaliation on her EEOC Charge, but not national origin). In a subsequent suit, a plaintiff may only advance those claims which are "reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (citing Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)). In other words, plaintiffs cannot allege one type of discrimination in an EEOC charge, but later assert other types of discrimination in formal litigation. Id.; see also Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005).

In her EEOC Charge, Plaintiff alleged discrimination based on religion, disability, genetic information, and retaliation. (Doc. No. 8-1 at 1). Meanwhile, in her Complaint filed with this Court, Plaintiff checked boxes raising discrimination claims for the first time based on race, color, and national origin. As Defendant points out, the EEOC Charge does not include any allegations of discrimination based on Plaintiff's race, color, or national origin. Id. As a result, Plaintiff has not exhausted her administrative remedies as to those claims, and those claims are barred. Miles, 429 F.3d at 492; Clark, 2017 U.S. Dist. LEXIS 162024 at *9-10.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's race, color, and national origin claims.

### B. Plaintiff Fails to Plead Sufficient Facts to Support Her Claims

Turning to Plaintiff's Title VII religious discrimination claim, Title VII makes it unlawful for employers "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges [of]

employment, because of such individual's . . . religion." 42 U. S. C. § 2000e-2(a)(1). Employers are under a duty to "make reasonable accommodation for the religious observances of [their] employees, short of incurring an undue hardship." Shigley v. Tydings & Rosenberg LLP, No. CV JKB-23-02717, 2024 WL 1156613, at *3 (D. Md. Mar. 18, 2024) (quoting EEOC v. Consol Energy, Inc., 860 F.3d 131, 141 (4th Cir. 2017) (quotation omitted)); Ellison v. Inova Health Care Servs., No. 123CV00132MSNLRV, 2023 WL 6038016, at *3 (E.D. Va. Sept. 14, 2023). The Supreme Court in a recent unanimous opinion held as to "undue hardship" that "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." Groff v. DeJoy, 600 U.S. 447, 468 (2023).

To state a plausible claim that an employer violated its duty, Plaintiff must allege that: (1) she has a bona fide religious belief that conflicts with a job requirement; (2) she informed her employer of this belief; and (3) she was disciplined for failure to comply with the job requirement. Ellison, 2023 WL 6038016, at *3 (quoting Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996)).

While the failure of employers in granting a religious accommodation could certainly give rise to a cognizable claim under Title VII, Plaintiff's Complaint here simply fails to include sufficient factual allegations to state a claim. The Court is left guessing as to what exactly transpired between Plaintiff and her former employer. Rather than state specific facts in support of her claim, Plaintiff relies almost entirely on conclusory allegations, such as that Defendant "discriminated" against her. (Doc. No. 1 at 3-4). Plaintiff's Complaint does not allege whether she informed her employer of her religious beliefs, and if so, to what extent. See Dublin v. UNC Rex Healthcare, No. 5:22-CV-507-BO-RJ, 2024 WL 252062, at *2 (E.D.N.C. Jan. 23, 2024). Although Plaintiff has attached several documents to her Complaint that appear to request

exemptions, which includes some information about her religious beliefs, Plaintiff's Complaint is silent on whether she provided those documents to her employer, and if she did, how her employer responded to such requests.

Whether additional facts Plaintiff includes in her responsive brief would support her religious discrimination claim is not before the Court because those facts are not in the Plaintiff's Complaint. Under Federal Rule of Civil Procedure 15(a), at this stage of the proceeding, a plaintiff must seek leave of court to amend her Complaint and cannot merely include additional factual allegations or claims in a responsive pleading. See McNulty, 2012 WL 1569601, at *3.

Accordingly, the undersigned must respectfully recommend that Defendant's Motion to Dismiss be granted as to Plaintiff's Title VII religious discrimination claim.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Defendant's "Motion to Dismiss Plaintiff's Complaint" (Doc. No. 7) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground

for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to mail a copy of this Memorandum and Recommendation to the pro se Plaintiff, and send copies to defense counsel and to the Honorable Kenneth D. Bell.

**SO RECOMMENDED.**

Signed: April 12, 2024

Susan C. Rodriguez
United States Magistrate Judge